**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **No. 18-238** |
| | : | |
| **NAFIS MULLINS** | : | |
| | : | |

**McHUGH, J.**                                                                    **January 31, 2022**

<u>**MEMORANDUM**</u>

 Defendant Nafis Mullins was convicted by a jury of being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  His trial took place before the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), so the jury was not instructed as to the prosecution's burden to prove the defendant's knowledge that he was a felon. Sentencing was deferred to await further clarity from the Supreme Court as to the proper application of *Rehaif*.  The Supreme Court has now ruled on this issue in *Greer v. United States,* 141 S. Ct. 2090 (2021), with the result that Defendant's Motion for New Trial has become ripe. For the reasons that follow, the motion will be denied.

 *Greer* concluded that where no objection to the jury charge was made at trial, the proper standard of review is for plain error.  141 S. Ct. at 2096.  As a result, Mr. Mullins must show that the error affected a "substantial right," which in this context requires him to show there is a "reasonable probability" that the result of the trial would have been different had the court instructed the jury as to the *Rehaif* requirement.  *Id.* at 2097.

The *Greer* Court identified this as a significant challenge:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (C.A.4 2020) (Wilkinson, J., concurring in denial of reh'g en banc).

141 S. Ct. at 2097.  Where, as is the case here, there was a stipulation at trial that the defendant was a felon at the time he possessed the firearm, such a stipulation can itself be viewed as "substantial evidence" that the defendant knew his status.  *Id.*

*Greer* also requires a defendant seeking relief under *Rehaif* to make a showing that he could have presented evidence to the jury as to his lack of knowledge.  *Id.* at 2097-98.  Mr. Mullins makes no such showing here, and in any event, the district court is permitted to weigh the probability of the defendant prevailing as against the totality of the record, to include the Presentence Investigation Report (PSIR).  Here, the PSIR shows three prior drug convictions for which Defendant was sentenced to prison and served time of more than a year.  PSR 6/27/19, pp. 6-8.  Most significantly, he also had a state conviction for unlawful possession of a firearm for which he received a sentence of 33 to 84 months.  Having previously served time in prison for essentially the same offense charged here makes it inconceivable that a jury would conclude he lacked knowledge of his status as a felon.

Mr. Mullins bases his argument on the Third Circuit's approach to *Rehaif* in *United States v. Nasir,* 982 F.3d 144 (3d Cir. 2020) (*en banc*), but the Circuit itself has acknowledged that *Greer* overruled *Nasir.*  *United States v. Nasir,* 17 F.4th 459 (3d Cir. 2021) (*en banc*). Consequently, Mr. Mullins' request for a new trial based upon error in the charge to the jury is denied.

Mullins further attacks the sufficiency of the Indictment, arguing that it is fatally flawed because it did not allege knowledge of his status in charging the offense. The Indictment charged that Defendant possessed a gun "having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting foreign and interstate commerce a firearm." ECF 1. Mullins' specific challenge is that the word "knowingly" did not apply to his knowledge of his status as a felon, but only to his possession of a gun.

As a general rule, an indictment that tracks the language of a statute is legally sufficient, and that is the case here. *See, e.g., United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000); *United States v. Addonizio*, 451 F.2d 49, 58 n.7 (3d Cir. 1971). More importantly, in its first *Nasir* opinion the Third Circuit specifically rejected the challenge Defendant raises here. 982 F.3d at 162 n.15, *overruled on other grounds*, *Greer v. United States,* 141 S. Ct. 2090 (2021). The Indictment was therefore proper and provides no basis for granting a new trial.

An appropriate order will issue.

s/Gerald Austin McHugh
United States District Judge